IN THE SUPREME COURT OF TENNESSEE
Assigned on Briefs October 6, 2021

## BOARD OF PROFESSIONAL RESPONSIBILITY OF THE SUPREME COURT OF TENNESSEE v. CHARLES EDWARD WALKER

**Direct Appeal from the Chancery Court for Davidson County**
**No. 20-0616-II      Robert E. Lee Davies, Senior Judge**

———————————————————

**No. M2021-00099-SC-R3-BP**

———————————————————

A Board of Professional Responsibility hearing panel found that an attorney should be suspended from the practice of law for three years for violating multiple provisions of the Tennessee Rules of Professional Conduct. The trial court affirmed, finding that the hearing panel's decision was supported by substantial and material evidence and was neither arbitrary nor an abuse of discretion. Finding no error, we affirm.

**Tenn. Sup. Ct. R. 9, § 33.1(d); Judgment of the Chancery Court Affirmed; Decision of the Hearing Panel Affirmed**

SHARON G. LEE, J., delivered the opinion of the Court, in which JEFFREY S. BIVINS and HOLLY KIRBY, JJ., joined. ROGER A. PAGE, C.J., not participating.

Charles Edward Walker, Nashville, Tennessee, Pro Se.

James W. Milam, Brentwood, Tennessee, for the appellee, Board of Professional Responsibility.

**OPINION**

**I.**

In August 2018 and February 2019, the Board of Professional Responsibility filed petitions for discipline against Nashville attorney Charles Edward Walker. The petitions were based on complaints of misconduct submitted by two Davidson County chancellors and two lawyers. The complaints mainly arose out of Mr. Walker's conduct involving a chancery court tax sale redemption proceeding, a chancery court injunction, and a pro hac vice application.

After an evidentiary hearing, a Board hearing panel found that Mr. Walker had violated Rules of Professional Conduct 3.1, 3.3, 3.4, and 4.1 by his conduct in the chancery court tax sale redemption proceeding and should be suspended for three years; that he had violated Rule 8.4(c) and (d) by not complying with a chancery court injunction and should be suspended for three years; that he had violated Rule 3.3 by omitting his disciplinary history in the pro hac vice application and should be suspended for two years; and that he violated Rule 8.4(a) by his misconduct. The hearing panel also found that Mr. Walker's suspensions should be served concurrently for an effective suspension of three years, with two years on active suspension and one year on probation supervised by a practice monitor.

Mr. Walker appealed the hearing panel's decision to the Chancery Court for Davidson County.[1] The trial court affirmed the hearing panel's decision, finding that it was supported by substantial and material evidence and was neither arbitrary nor an abuse of discretion.

Mr. Walker appealed to this Court under Tennessee Supreme Court Rule 9, section 33.1(d), raising these issues:

> 1) Whether the trial court could modify the hearing panel's decision without an express finding of one or more of the five enumerated circumstances present in Supreme Court Rule 9, § 33.

> 2) Whether the trial court erred by affirming the hearing panel's decision that Mr. Walker violated Rules 3.1, 3.3, and 3.4 arising out of his conduct representing REO Holdings, LLC in a tax sale redemption matter.

---

[1] *See* Tenn. Sup. Ct. R. 9, § 33.1(a).

Mr. Walker did not appeal the hearing panel's decision that he also violated Rules 3.3,[2] 4.1,[3] 8.4(a),[4] 8.4(c),[5] and 8.4(d)[6] by his conduct in the tax sale redemption proceeding, his violation of the chancery court injunction, and his omissions on the pro hac vice application. Nor did Mr. Walker challenge the suspensions imposed for these violations.[7]

## II.

This Court has the "'inherent power' and 'fundamental right' to regulate the practice of law in Tennessee." *Meehan v. Bd. of Pro. Resp.*, 584 S.W.3d 403, 412 (Tenn. 2019) (quoting *Bd. of Pro. Resp. v. Parrish*, 556 S.W.3d 153, 162 (Tenn. 2018)). We review a hearing panel's decision using the same standard of review as that applied by the trial court. *Id.* at 413 (citing *Bd. of Pro. Resp. v. Reguli*, 489 S.W.3d 408, 417 (Tenn. 2015)). A trial court reviews the transcript of the evidence before the hearing panel, as well as its findings of fact and decision. *Garland v. Bd. of Pro. Resp.*, 536 S.W.3d 811, 816 (Tenn. 2017) (citing Tenn. Sup. Ct. R. 9, § 33.1(b)). The trial court "shall not substitute its judgment for that of the hearing panel as to the weight of the evidence on questions of fact," Tenn. Sup. Ct. R. 9, § 33.1(b), and "[a]ny modification to a hearing panel's decision must be based on one of the [factors enumerated] in Tennessee Supreme Court Rule 9, section 1.3."[8]

---

[2] "A lawyer shall not knowingly make a false statement of fact or law to a tribunal." Tenn. Sup. Ct. R. 8, RPC 3.3(a)(1).

[3] "In the course of representing a client, a lawyer shall not knowingly make a false statement of material fact or law to a third person." Tenn. Sup. Ct. R. 8, RPC 4.1(a).

[4] "It is professional misconduct for a lawyer to violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another." Tenn. Sup. Ct. R. 8, RPC 8.4(a).

[5] "It is professional misconduct for a lawyer to . . . engage in conduct involving dishonesty, fraud, deceit, or misrepresentation." Tenn. Sup. Ct. R. 8, RPC 8.4(c).

[6] "It is professional misconduct for a lawyer to . . . engage in conduct that is prejudicial to the administration of justice." Tenn. Sup. Ct. R. 8, RPC 8.4(d).

[7] In its brief, the Board responded to the issues raised by Mr. Walker. The Board also raised an additional issue, arguing that the trial court did not err in ruling against Mr. Walker in his claim that the Board withheld exculpatory evidence before the hearing panel. Mr. Walker, however, did not raise that issue in this Court and thus, we need not address it.

[8] The court may reverse or modify the decision if the rights of the party filing the Petition for Review have been prejudiced because the hearing panel's findings, inferences, conclusions or decisions are: (1) in violation of constitutional or statutory provisions; (2) in excess of the hearing panel's jurisdiction; (3) made upon unlawful procedure; (4) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted

*Garland*, 536 S.W.3d at 816 (alterations in original) (quoting *Skouteris v. Bd. of Pro. Resp.*, 430 S.W.3d 359, 362 (Tenn. 2014)).

First, Mr. Walker argues that the trial court did not have jurisdiction to modify the hearing panel's decision "without an express finding of one or more of the five enumerated circumstances present in Supreme Court Rule 9[,] § 33." We agree. This issue has no merit because the trial court affirmed the hearing panel's decision with no modification.

Next, Mr. Walker contends that he did not violate Rules 3.1, 3.3, and 3.4 in his representation of REO Holdings, LLC in a chancery court proceeding involving the redemption of real property. The property at issue was owned by Mildred Huff. In 1992, she executed a note and a deed of trust to Capitol Builders, Inc. to secure a debt. Ms. Huff failed to pay her Metropolitan Government of Nashville and Davidson County property taxes. In June 2014, by order of the Davidson County Chancery Court, the Clerk and Master sold Ms. Huff's property at a delinquent tax sale. John R. Sherrod, III was the successful bidder. In August 2014, the chancery court confirmed the sale.[9]

In May 2015, REO Holdings LLC, through its attorney and owner Mr. Walker, filed notice and tendered funds to the chancery court to redeem the Huff property under Tennessee Code Annotated section 67-5-2701.[10] To show REO Holdings' statutorily

---

exercise of discretion; or (5) unsupported by evidence which is both substantial and material in the light of the entire record.

Tenn. Sup. Ct. R. 9, § 33.1(b).

[9] Final Decree Confirming Sale, *Metro. Gov't of Nashville and Davidson Cnty. v. Delinq. Taxpayers as Shown on the 2011 Real Prop. Tax Recs., Est. & Heirs of Mildred Huff*, Tax Civil Action No. 13-299-II (Ch. Ct., Davidson Cnty., Tenn., Aug. 4, 2014).

[10] Upon entry of an order confirming a sale of a parcel, a right to redeem shall vest in all interested persons. The right to redeem shall be exercised within the time period established by this subsection (a) beginning on the date of the entry of the order confirming the sale, but in no event shall the right to redeem be exercised more than one (1) year from that date.
. . . .
In order to redeem a parcel, the person entitled to redeem shall file a motion to such effect in the proceedings in which the parcel was sold. The motion shall describe the parcel, the date of the sale of the parcel, the date of the entry of the order confirming the sale and shall contain specific allegations establishing the right of the person to redeem the parcel. Prior to the filing of the motion to redeem, the movant shall pay to the clerk of the court an amount equal to the total amount of delinquent taxes, penalty, interest, court costs, and interest on the entire purchase price paid by the purchaser of the parcel.

Tenn. Code Ann. § 67-5-2701(a)(1)(A), -(b)(1) (2014) (amended 2019).

required interest in the property,[11] Mr. Walker submitted an Assignment of Deed of Trust, signed by Merdan Ibrahim and recorded on May 6, 2015, in the Davidson County Register of Deeds office. The Assignment, prepared by Mr. Walker, stated that Mr. Ibrahim was the lawful holder of the note signed by Ms. Huff to Capitol Builders in 1992; that Mr. Ibrahim had bought the note from Capitol Builders; and that Mr. Ibrahim was assigning his interest in the note and deed of trust to REO Holdings, LLC. Mr. Walker also filed an Appointment of Substitute Trustee, dated and recorded on May 6, 2015, which stated that Mr. Ibrahim, as an "authorized member" of REO Holdings, appointed Mr. Walker as substitute trustee of the deed of trust. Based on this showing of REO Holdings' interest in the property, the chancery court approved the property redemption by REO Holdings.

The property redemption began to unravel in September 2015 when Mr. Ibrahim was deposed in a case unrelated to the Huff property redemption against several defendants, including Mr. Ibrahim, REO Holdings, and Mr. Walker.[12] Among other things, Mr. Ibrahim testified that he had done remodeling work for Mr. Walker; that he was neither a member nor a manager of REO Holdings; that he had never heard of Capitol Builders; that he knew nothing about the Assignment of Deed of Trust and Appointment of Substitute Trustee relating to the Huff property—only that he had signed the documents at the request of someone at Mr. Walker's law office; and that he received no payment for assigning his interest.

Mr. Sherrod moved the chancery court to strike REO Holdings' redemption of the property. Mr. Sherrod asserted that Mr. Ibrahim had never owned the lien he purportedly assigned to REO Holdings. Thus, REO Holdings had no right to redeem the tax sale property, and its attempted redemption was based on fraudulent documents.

After the deposition but before Mr. Sherrod moved to strike the redemption, Mr. Walker prepared and recorded another Assignment of Deed of Trust. In this document, Jill Ann Landman Carmack, as successor in interest to Capitol Builders, assigned to Mr. Ibrahim all of Capitol Builders' interest in a note and deed of trust from Ms. Huff. The stated purpose of the Assignment was "to confirm and replace a prior lost and mislaid assignment of Deed of Trust dated March 16, 2011, from Capitol Builders, Inc., to Merdan

---

[11] *See* Tenn. Code Ann. § 67-5-2502(c)(1)(B) (2014) (amended 2019) ("'Interested person', 'person owning an interest in a parcel' and 'owner' means a person . . . that owns an interest in a parcel and includes a person . . . that holds a lien against a parcel or is the assignee of a holder of such lien.").

[12] After this appeal was submitted on briefs, Mr. Walker filed a "Motion to Take Judicial Notice of Jury Exoneration." The motion, unaccompanied by a memorandum of law or affidavit as required by Tennessee Rule of Appellate Procedure 22, appears to ask this Court to consider as a post-judgment fact a jury verdict in *Family Trust Services, LLC, et al. v. Charles Walker, et al.* This verdict has no effect on the position of the parties or the subject matter of this action. The motion is denied.

Ibrahim."[13] Mr. Walker had Ms. Carmack execute the Assignment and also sign an affidavit stating that she was the sole heir of the now-deceased owner of Capitol Builders.

At the chancery court hearing on Mr. Sherrod's motion to strike, he argued that Capitol Builders never assigned the note and deed of trust to Mr. Ibrahim in 2011 and so, the purported assignment from Mr. Ibrahim to REO Holdings in 2015 was not valid. Thus, REO Holdings had no interest in the property and no right of redemption. Mr. Sherrod relied on the testimony of Mr. Ibrahim that he had never heard of Capitol Builders, was not a member of REO Holdings, and knew nothing about the 2015 assignment to REO Holdings other than he had signed it at Mr. Walker's office. To this Mr. Walker responded: "And Your Honor, I would submit to the court I have the documents from Capitol Builders confirming—they're embossed and confirming that the note was transferred to Mr. Ibrahim." Later he added: "And we would be glad to submit this document for inspection by the court."

The chancellor granted the motion to strike, concluding that Mr. Ibrahim never held a valid interest in the real property, so his purported assignment to REO Holdings was not valid based on Mr. Walker's deceitful actions:

> Charles Walker, his firm, Walker Law Offices and those associated with him, have been preparing legal documents for recordation in the office of the Davidson County Register of Deeds that are misleading and deceitful in order to redeem title to real property in the Chancery Courts. Mr. Walker and his staff drafted documents which represent that Mr. Ibrahim was the holder of a Deed of Trust and Note from Capitol Builders, Inc., but Mr. Ibrahim denied under oath any knowledge of his membership in REO, denied his purchasing or owning the Deed of Trust or a Note for $5,321, denied knowing of his conveyance of the Deed of Trust to REO and denied any knowledge of Capitol Builders, Inc. No proof was tendered that Mr. Ibrahim ever held a valid interest in the real property or that the subsequent conveyance to REO was valid. Mr. Walker and his employees at the Walker Law Firm engaged in conduct intended to deceive this Court with respect to a material issue in the redemption process. In so doing, Mr. Walker and his associates at the Walker Law Firm violated the Code of Professional Responsibility, Rule 3.3[,] *Candor Toward the Tribunal*, Rule 4.1[,] *Truthfulness in Statements to Others*, Rule 5.1, *Responsibility of Partners, Managers and Supervisory Lawyers*, and Rule 8.4[,] *Misconduct*.

---

[13] Under Tennessee Code Annotated section 24-8-101, a lost instrument "may be supplied by affidavit of any person acquainted with the facts, stating the contents thereof, as near as may be, and that such instrument has been unintentionally lost or mislaid, and is still the property of the person claiming under it, unpaid and unsatisfied." Tenn. Code Ann. § 24-8-101 (2017).

During Mr. Walker's disciplinary hearing, he maintained that he had the original assignment of the note from Capitol Builders to Mr. Ibrahim but had lost it. When the issue came up in litigation, Mr. Walker contacted Ms. Carmack "and got another one." Mr. Walker admitted that on the day of the chancery court hearing on Mr. Sherrod's motion to strike, he knew he did not have the original 2011 assignment from Capitol Builders to Mr. Ibrahim, but only the substitute Assignment of Deed of Trust signed by Ms. Carmack, which "replaces the original note in the eyes of the law."

Neither the Board nor Mr. Walker called Mr. Ibrahim to testify as a witness. An attorney who was present at Mr. Ibrahim's deposition testified that Mr. Ibrahim stated under oath that he had never heard of Capitol Builders, that he did not read the Assignment of Deed of Trust and the Appointment of Substitute Trustee, that he was not a member of REO Holdings, and that he signed the documents when asked by someone in Mr. Walker's office.

The hearing panel made specific findings of fact about the Assignment of Deed of Trust from Capitol Builders to Mr. Ibrahim:

- During the proceedings in chancery court, Mr. Walker failed to provide the original, embossed assignment from Capitol Builders to Mr. Ibrahim.

- During the disciplinary hearing, Mr. Walker provided a replacement assignment to Mr. Ibrahim. This assignment was created in October 2015 during the chancery court proceedings.

- A risk of potential serious injury to a party occurred when Mr. Walker tried to pursue a redemption proceeding without the original assignment from Capitol Builders to Mr. Ibrahim.

- The original assignment that Mr. Walker would have needed to check for due diligence for the tax sale redemption was not made available. Mr. Walker testified he had the original document but had lost it.

Based on these findings of fact, the hearing panel concluded that Mr. Walker violated Rule 3.1 (Meritorious Claims and Contentions)[14] and Rule 3.3 (Candor Toward the Tribunal)[15] when he failed to correct the statement he made during the chancery court

---

[14] Rule 3.1 provides, in part, that "[a] lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless after reasonable inquiry the lawyer has a basis in law and fact for doing so." Tenn. Sup. Ct. R. 8, RPC 3.1.

[15] *See supra* note 2.

hearing that he had the "embossed" document (meaning the original assignment) when he later discovered he did not have it. Mr. Walker also violated Rule 3.4 (Fairness to Opposing Party and Counsel)[16] and Rule 4.1[17] when he failed to provide the original assignment to the opposing party at the beginning of the litigation or disclose to them that he did not have the document. Because Mr. Walker violated Rules 3.1, 3.3, 3.4, and 4.1, the hearing panel decided he should be suspended from the practice of law for three years.

Mr. Walker contends that the trial court erred by affirming the hearing panel's decision finding he had violated Rules 3.1, 3.3, and 3.4 during his representation of REO Holdings in the tax sale redemption matter.[18] He argues that he should not be "responsible for failing [to] disclose (to a third party) the loss of the original when . . . [the assignment of the deed of trust from Mr. Ibrahim and the affidavit from Ms. Carmack] replace the original note and assignment by operation of law." Mr. Walker contends that he did not need to produce the "lost" 2011 assignment from Capitol Builders to Mr. Ibrahim because the 2015 substitute assignment from Ms. Carmack as the sole heir of the owner of Capitol Builders replaced the original note and assignment "by operation of law."

Mr. Walker's argument misses the mark. He was not disciplined because the substitute assignment from Ms. Carmack was not valid. Instead, the hearing panel found he should be suspended because he represented to the chancery court and opposing counsel that he had the original 2011 assignment from Capitol Builders to Mr. Ibrahim when he did not. Not only did Mr. Walker not have the original document at the hearing, he also never corrected his inaccurate statement to the chancery court. The existence of the original assignment in 2011 of Capitol Builders' lien to Mr. Ibrahim was critical to REO Holdings' ability to redeem the Huff property and prevail on the motion to strike. If Capitol Builders had never assigned the deed of trust to Mr. Ibrahim, then he had no interest to assign to REO Holdings in 2015. Yet the original assignment from Capitol Builders was never produced, and Mr. Ibrahim testified he had never heard of Capitol Builders and knew nothing about the 2015 assignment other than he had signed it at the request of someone at Mr. Walker's office.

Thus, material and substantial evidence supports the hearing panel's decision that Mr. Walker was not candid with the chancery court when he failed to correct his statement suggesting he had the original "embossed" assignment when he knew he did not have the

---

[16] Tennessee Rule of Professional Conduct 3.4 states, in part, that a "lawyer shall not (a) unlawfully obstruct another party's access to evidence or unlawfully alter, destroy, or conceal a document or other material having potential evidentiary value . . . ; (b) falsify evidence . . . ; or (c) knowingly disobey an obligation under the rules of a tribunal." Tenn. Sup. Ct. R. 8, RPC 3.4(a), -(b), -(c).

[17] *See supra* note 3.

[18] Mr. Walker did not appeal the hearing panel's finding that he violated Rule 4.1.

document (Rule 3.3(a)); that without the original assignment from Capitol Builders to Mr. Ibrahim, Mr. Walker could not have made reasonable inquiry about whether the redemption proceeding had a factual or lawful basis (Rule 3.1); and that Mr. Walker acted unfairly to the opposing party and counsel by concealing that he did not have the original assignment during litigation and otherwise obstructing their access to the document (Rule 3.4(a)). None of the hearing panel's findings were arbitrary or an abuse of discretion.

## III.

Besides finding Mr. Walker should be suspended for his lack of candor and fairness in the REO Holdings tax sale matter, the hearing panel also found he should be suspended for his misconduct relating to a temporary injunction and a pro hac vice application.

Mr. Walker's misconduct involving the temporary injunction arose after the Davidson County Chancery Court issued an order prohibiting Mr. Walker, his business partner in REO Holdings, and their employees and agents from recording documents with any Register of Deeds in Tennessee without first notifying the court and opposing counsel and providing the court with copies of the documents. This injunction was issued after the chancery court was "presented clear, unrebutted proof of [ten] forgeries of notary signatures and seals in [five] property transactions" involving Mr. Walker. The chancery court also found that Mr. Walker "posed a substantial risk to the public welfare with respect to registration of forged real estate documents in the public record."

After the injunction was issued, Mr. Walker established a Trust that named himself as the Settlor and Jamaal L. Boykin as the Trustee.[19] Later, the Trustee on behalf of the Trust bought property in Antioch, Tennessee, and recorded a deed conveying the property to the Trust. When the Trust sold the property, the Trustee was directed by Mr. Walker to apply the proceeds to Mr. Walker's personal bankruptcy legal fees. Mr. Walker did not notify the court or opposing counsel about the recording of the deed. In July 2016, the chancery court found Mr. Walker in criminal contempt of court for violating the temporary injunction barring the recordation of documents. The chancery court found, beyond a reasonable doubt, that Mr. Walker used the Trust to evade the court's temporary injunction, "willfully and for a bad purpose." The court sentenced Mr. Walker to two days in jail and ordered him to pay a $50 fine. The Court of Appeals affirmed the chancery court's ruling, and this Court denied permission to appeal. *Fam. Tr. Servs., LLC v. REO Holdings, LLC*, No. M2016-02524-COA-R3-CV, 2018 WL 2203216 (Tenn. Ct. App. May 14, 2018), *perm. app. denied* (Tenn. Sept. 13, 2018).

Based on these facts, the panel found that Mr. Walker had violated Rule 8.4(c) (Dishonesty, Fraud, Deceit, or Misrepresentation) and 8.4(d) (Conduct Prejudicial to the

---

[19] Mr. Boykin is the nephew of an attorney who worked at Mr. Walker's law firm when the Trust was established.

Administration of Justice) by creating the Trust to avoid the chancery court's injunction and should be suspended from the practice of law for three years. Mr. Walker did not appeal to this Court the finding of misconduct or the discipline.

The hearing panel also found that Mr. Walker should be disciplined based on his failure to make certain disclosures in his August 2017 pro hac vice application filed in the United States District Court for the Western District of Texas at Austin. The application asked whether he had "been subject to grievance proceedings or involuntary removal proceedings while a member of the bar" and whether he had "been charged, arrested, or convicted of a criminal offense." In answering these questions, Mr. Walker failed to disclose his prior disciplinary history, his pending disciplinary complaints, and that he had been found guilty of criminal contempt of court for disobeying an order of the Davidson County Chancery Court in August 2016.

When the Board notified Mr. Walker about the omission in his pro hac vice application, Mr. Walker did not correct the omissions, but claimed that the complaints pending against him were not "grievance proceedings." He then offered to clarify this portion of the application by contacting the federal court clerk's office. But when he communicated with the clerk's office, he asked if he needed to report any disciplinary complaints filed by indigent defendants he had been appointed to represent. The clerk's office responded that he only needed "to include any cases that had actual findings of wrong doing/etc." Mr. Walker admitted to the hearing panel that he should have disclosed a 2008 informal admonition but claimed he had forgotten about it.

Based on this evidence, the hearing panel found that Mr. Walker's failure to disclose in his pro hac vice application that he had previously been disciplined by the Board, had pending disciplinary complaints, and had been found guilty of criminal contempt was an "intentional misrepresentation by omission." The hearing panel concluded that Mr. Walker had violated Rule 3.3 (Candor Toward the Tribunal)[20] and that he should be suspended from the practice of law for two years, to be served concurrently with his other suspensions. Mr. Walker did not appeal to this Court this finding of misconduct or the recommended suspension.

**CONCLUSION**

We affirm the decision of the hearing panel and the judgment of the trial court that Mr. Walker violated Rules 3.1, 3.3, and 3.4 arising from his conduct while representing REO Holdings in a chancery court proceeding involving the redemption of property sold at a tax sale. The hearing panel's decision was supported by substantial and material evidence and was neither arbitrary nor an abuse of discretion.

---

[20] *See supra* note 2.

It is, therefore, ordered that Mr. Walker is suspended for three years, with two years to be served on active suspension and one year to be served on probation under the supervision of a practice monitor. We tax the costs of this appeal to Charles Edward Walker, for which execution may issue if necessary.


_____

SHARON G. LEE, JUSTICE